IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEGUROS CONFIANZA S.A., a Foreign corporation,

    Plaintiff,

vs.

CASE NO.

PROGEN INDUSTRIES, L.L.C, a limited liability company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, SEGUROS CONFIANZA, S.A. ("Confianza"), sues Defendant, PROGEN INDUSTRUES, L.L.C. ("Progen").

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(2) because Confianza is a citizen of a foreign state and Progen is a citizen of Florida.

2. Confianza is a corporation organized and existing under the laws of the Republic of Ecuador, with its headquarters located in Quito, Ecuador. Thus, in accordance with 28 U.S.C. § 1332(c)(2), Confianza is a citizen of Ecuador.

3. Progen is a Florida limited liability company incorporated in Florida.

Its principal place of business is in Mulberry, Polk County, Florida. Based on Progen's most recent corporate filing with Florida's Department of State, Division of Corporations, Progen's sole member is Andrew Williamson. Andrew Williamson is domiciled in Mulberry, Polk County, Florida and is a citizen of Florida. Thus, in accordance with 28 U.S.C. § 1332(c)(1), Progen is a citizen of Florida.

4. The causes of action alleged herein fall within the jurisdictional limits of the Court because the damages Confianza seeks exceed $75,000.00

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Progen has its principal place of business within the boundaries of the Middle District of Florida, specifically within the boundaries of the Tampa Division of this Court.

## GENERAL ALLEGATIONS

6. As part of its business, Confianza issues construction bonds and stands as surety for selected contractors.

7. In connection with its work, Progen from time to time required surety construction bonds for construction projects.

## THE AGREEMENT

8. As a condition of issuing the Performance Bond at issue in this action, Confianza required Progen to enter into an Insurance Policy of Performance of

2

Contract with the Public Sector (the "Agreement").

9. Specifically, on August 8, 2024, Progen executed the Agreement in favor of Confianza. True and correct copies of the Agreement and a certified translation of the Agreement are attached and incorporated into this Complaint as **Composite Exhibit "A."**

10. The Agreement is just, reasonable, and supported by adequate consideration.

11. Under the Agreement, Progen agreed to the following, among other things:

> [Progen] does hereby constitute itself as a debtor of [Confianza] for any such amount of the compensation as [Confianza] may pay to the [Obligee] plus any applicable interest and expenses to be incurred by [Confianza] as a result of the loss and the action for reimbursement. [Confianza's] sole disclosure of the amount of compensation and the expenses incurred shall be mandatorily accepted by [Progen] as sufficient proof of the sum to be paid by [Progen], which shall be deemed to be true unless otherwise proved to the contrary.

[Agreement, § 17 Subrogation].

12. Progen also agreed that:

> Once the loss has been paid, [Confianza] shall subrogate by operation of the Law, up to the amount of compensation, in respect of all the rights and actions of the [Obligee] against [Progen] for which purposes [Confianza] shall deliver the corresponding receipt of compensation, which shall amount to an executory title.

[Agreement, § 17 Subrogation].

13. The terms of the Agreement are sufficiently clear, definite, and certain to allow this Court to enforce them.

14. The Agreement clearly sets forth Progen's obligations to reimburse Confianza for any payment, interest, or expenses incurred as a result of payments made under the Agreement, including any payments made to the Obligee.

15. Confianza agreed to issue a Performance Bond naming Progen as principal at Progen's request in consideration for its promise to comply with the terms of the Agreement.

## THE BOND

16. Progen entered Contract No. TPI-CON-0062-24, also referred to as the Emerging Contract For Land Power Generation Based in Salitral, with Corporacion Electrica Del Ecuaro CELEC EP ("CELEC EP") to perform work on a Project pursuant to the Contract ("Project").

17. At the request of Progen, Confianza issued Performance Bond No. CC-857115 in the amount of $4,970,000.00 naming Progen as Applicant and CELEC EP as Beneficiary. Copies of the Bond and a certified translation of the Bond are attached as **Composite Exhibit "B."**

## THE PAYMENT

18. CELEC EP made a claim on the Bond in the amount of $4,970,000.00.

19. Confianza remitted payment to CELEC EP in accordance with its obligations under the Agreement to pay the total amount of the claim.

20. In exchange for payment from Confianza, CELEC EP executed an indemnification receipt, subrogating its rights to payment from Progen to Confianza.

21. On July 8, 2025, Confianza emailed John Manning and Andrew Williamson, representatives of Progen, demanding reimbursement in accordance with Progen's obligations pursuant to the Agreement.

22. On July 21 and July 23, 2025, Confianza again emailed Mr. Manning, attaching formal notices confirming payment on the Bond to CELEC EP and requesting that Progen provide a proposed payment plan to reimburse Confianza.

23. On August 4, 2025, Confianza sent Progen, Mr. Manning, and Mr. Williamson a final demand for reimbursement. A copy of Confianza's August 4, 2025, Demand for Reimbursement is attached as **Exhibit "C."**

24. Confianza incurred a loss as a result of issuing the Bond, which loss includes, among other things, payment to resolve CELEC EP's claim.

25. To date, Progen has refused or is unable to comply with its obligations under the Agreement to reimburse Confianza for the losses Confianza has incurred, and continues to incur, as a result of issuing the Bond

26. Confianza has retained the undersigned attorneys to represent it in

this action and is obligated to pay these attorneys a reasonable fee for their services.

27. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
## CONTRACTUAL INDEMNITY

28. Confianza realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for damages for Progen's breach of the Agreement.

30. Progen is in default of, and has breached, the Agreement by:

   a. failing to reimburse Confianza for its payment of the Loss to the Obligee; and

   b. failing to perform and comply with the terms, covenants, and obligations of the Agreement.

31. Confianza fully performed all of its obligations under the Agreement.

32. As a result of Progen's breaches and defaults of the Agreement, Confianza suffered damages in the amount of $4,970,000.00 as a result of issuing the Bond.

33. Despite demand, Progen has failed to indemnify or reimburse Confianza for the damages it has incurred.

34. Confianza is entitled to an award of its attorneys' fees and costs in pursuing this claim pursuant to the Agreement.

WHEREFORE, Confianza demands judgment against Progen for damages, prejudgment interest, attorneys' fees, costs, and expenses, and such further relief as this Court deems just and proper.

## COUNT II
## EQUITABLE SUBROGATION
(*in the alternative*)

35. Confianza realleges and incorporates paragraphs 1 through 5, 16 through 20, and 22 through 27, as if fully set forth herein.

36. Progen is primarily liable for claims against Confianza relating to issuing the Bond.

37. Confianza's liability under the Bond is merely technical, secondary, and vicarious to that of Progen, which was actively and completely at fault for any underlying liability.

38. Progen, as bond principal, is required to resolve claims against the Bond.

39. Confianza's payment to CELEC EP resulted from its obligations as surety for Progen and not as a volunteer.

40. This request for subrogation harms neither Progen's nor any other third-party's rights.

41.     Confianza is equitably subrogated to the rights of the CELEC EP of the amount it was due from Progen.

WHEREFORE, Confianza demands judgment against Progen for damages, prejudgment interest, and such further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Brett D. Divers*
BRETT D. DIVERS, ESQ.
Florida Bar No. 973246
bdivers@pdtlegal.com
ELIZABETH A. PEARCE, ESQ.
Florida Bar No. 1039410
epearce@pdtlegal.com
PASKERT DIVERS THOMPSON
100 North Tampa Street, Suite 3700
Tampa, FL 33602
813.229.3500 (telephone)
813.229.3502 (facsimile)
*Counsel for Seguros Confianza, S.A.*